Mr. Good morning and may it please the court. I'm Sean and I represent the appellant Tiffany Taylor. I would like to preserve 5 minutes for rebuttal. I'd first like to start off with a development since we concluded our briefing in this case and that is the Moransky v. Godiva case was, it's a published opinion and it was issued by a panel of this court. And the reason that that case is significant is because it concerns, at least with respect to the excess digits portion of this case, an identical situation. In Moransky, you have the first six digits and the last four digits that were printed on the receipt and the question was, under FACTA, is that sufficient to confer Article III standing? With respect to this case, we have two types of receipts. We have receipts that contain the first six digits and the last four digits, just like the Moransky case. And we also have additional receipts that contain the expiration date that's printed on the receipt. And as you're aware, FACTA prohibits both the printing of more than the last five digits. It also prohibits the printing of the expiration date. With respect to the Moransky case, there's been a petition for rehearing that's been filed. Again, it is a published opinion. It is from this panel. I'm sorry, from a panel of this court. The mandate has not yet been issued due to the filing of the petition for rehearing. But nonetheless, it's significant because according to the holding of that case, at least with respect to the excess digits portion of this case, that case concludes that Article III standing is satisfied. Should we wait to see whether the petition for rehearing is denied in the mandate issues before we proceed? I think that would be a wise outcome, at least with respect to the excess digits portion. Is there a case before the Supreme Court that might bear on this that the court has granted cert on? I don't believe so. I know that there were other circuits that had decided FACTA cases and there were petitions that were filed. I want to say at least, I know in one case it was filed and it may be in two cases, but those petitions were not granted. Those were, I believe, both of them were in 2017. Is there enough in this complaint to lead to a plausible inference that the violation was willful? Absolutely. That is, even if, let's say Maransky petition for rehearings denied mandate issues, we would still have to look at, just as a pleading matter, wouldn't we, whether the complaint alleges enough to give rise to a plausible inference that the violation was willful? Well, I don't know that this court has to look at it in the first instance. If you recall, with respect to the district court, the district court addressed the first component of Article III standing, the injury and fact issue. And in its opinion, it held that all of the other issues that were raised by the defense are deemed moot and it never got to those issues. We certainly argued against the defense's claim that Rule 12b-6 was not satisfied. So what you're saying is we could leave that issue for the district court to address in the first instance on remand about whether there's enough here to allege a willful violation? Yes, absolutely. And with respect to that, if the court's interested in hearing about our thoughts on that, even if you asked about— You may be right. It may be best for us not to address it in the first instance, although I guess it's a legal question. I think it should be left to the district court because it was never addressed and you don't have a record to go on. Certainly you can take a look at the complaint, but if you're going to look at it with respect to the question that you asked a few minutes ago with respect to the factual allegations of the complaint, I think even before you get to the facts, you have to look at what the legal standard is. And the legal standard for pleading willfulness, willfulness in Safeco, the U.S. Supreme Court held that it is a state of mind. And if you look at the pleading standards that are codified by the federal rules, specifically Rule 9b, Rule 9b expressly states that malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. And that's a direct quote from Rule 9b. Plus, I mean, even if for some reason it were found not to be sufficient to establish willfulness, couldn't you still proceed under a negligence theory? I mean, it would be a different, obviously different penalty provisions, but could you not still, assuming that Godiva is good law, could you not still proceed under a negligence theory? It's one option, and we'd certainly request leave to amend if the district court found in the first instance that the 12b-6 arguments had any merit, which we don't believe they do. And let's suppose the district court got to the 12b-6 issues and said, well, you haven't pleaded adequately. Well, we'd like to request leave to amend. And frankly, with respect to that issue, it's not in the record here, in this record, but the district court actually has two other related cases against Fred's. And I'm counsel in those other two cases. And in one of those cases, we actually gave Fred's notice of its violations, and at least one, maybe more, of Ms. Taylor's receipts occurred, were printed, after we had already given Fred's notice of its violations. So it's not in this particular complaint, at least it's not spelled out in those terms, but there is a reference in this complaint that says that Fred's directly has knowledge that it is violating FACTA. And if we need to embellish those claims further, articulate them further, we can do it, and that's what we'd request from the district court. And the same is true, as Judge Rosenbaum pointed out, with respect to a negligence claim, we'd leave those options open. And that's why, to your question, Judge Pryor, I think it is left best to the first instance of the district court. With respect to Maransky, Maransky held that you have a de facto violation based on the nature of the FACTA statute. It also held that even if the de facto violation of FACTA is not sufficient to satisfy the Article III requirement, that you have this additional injury in the form of the receipts already been printed, the damage has already been done, and if the receipt is printed, then you're essentially shifting the burden, where FACTA requires a merchant truncate receipts. The obligation is on the merchant. If the merchant doesn't comply, then what happens is that burden, that statutory burden, is now shifted onto the customer, and the customer has to undertake efforts to either keep the receipt safely in his or her possession, or otherwise keep it safe, or dispose of it so that it doesn't fall into— Let me ask you a question. Let's say, just devil's advocate here, let's say that for whatever reason, en banc is granted in Godiva and Godiva gets reversed, okay? Is there anything about the facts of your case that can be distinguished from the facts of Godiva so that Godiva wouldn't govern your case? If anything, our case is stronger because Godiva concerns the first six and last four digits. Here you have the first six and last four digits, plus on certain receipts you have the expiration date, plus on at least one receipt you have the customer's full name printed on the receipt. Let me go back to that because that raises kind of where I was going at the start. I asked you whether we ought to wait to see what happens to the petition for rehearing and whether the mandate issues. Let's say we did what you said, as I understood it, you said we should do, the prudent thing, which is we wait to see how that turns out. Then the thing for us, let's say Judge Rosenbaum's right. Let's say the panel opinion in Godiva Chocolate is vacated. It's reheard en banc. Then we have a new opinion from the en banc court, assuming something doesn't moot the case or something like that. In the meantime, we get an en banc opinion. Probably the prudent thing for us to do at that point then would be to ask the parties in this case to give us supplemental briefs about the effect of the en banc opinion, right? That's certainly one option. I think that at least, as I said— We can't really know whether that en banc opinion, how it would affect us in this case until we see it, can we? That's true. I think that if you look at the Moransky opinion as it is, if the Moransky opinion stands, then at least in this case with respect to the excess digits portion of it, it's binding. It's binding on this panel. That disposes of that portion of the case if the mandate is issued. That means that Article III standing is satisfied at least with the excess digits portion of it. There is the balance of this case where we have the expiration date portion of it. That is different and that would have to be addressed. Okay. Tom's got you, but you've got five minutes for rebuttal. Thanks. Let's hear from Ms. Roberts. May it please the Court. I'm Christine Roberts on behalf of the Freds Entities. The District Court ruled that Plaintiff Tiffany Taylor did not carry her burden of satisfying Article III standing requirements because she failed to allege an injury, in fact, both as to her card digit claim and as to the expiration date claim. And Godavichock has come out, right? Right. That really does change the landscape here, doesn't it? Certainly, Your Honor. I would agree that it changes the landscape. But what I want to address is that even if and regardless of how the Court addresses the injury, in fact, portion of the District Court's opinion, as counsel indicated, the District Court did not reach the other grounds in our motion to dismiss. And why should we? I believe this Court could affirm on other grounds. This is a motion to dismiss. But we could also let the District Court address it in the first instance, right? Yes, that is a possibility. So I think that this Court has the discretion to do either. And if, I mean, if there was not enough here to allege willfulness, your adversary is right, right? That is something that's an option to this Court. We would say that this is a pure issue of law, whether or not the amended complaint satisfies Rule 12-6. Yes, that's true. But it may be that if he alleges more in an amended complaint, he can satisfy the standard, the pleading standard, right? We've seen other courts that have, District Courts that have denied requests to replete, to allege additional allegations. But even so, you could always allege a cause of action under the negligence provision. That is an option as well. So why shouldn't we let the District Court sort this out in the first instance? Well, I think that that is an option for this Court to do. I would urge the Court to look at the amended complaint and look for those allegations of willfulness. As we've articulated in our briefs, if you look at this particular complaint and look at what has been alleged, and as counsel has indicated that the proper analysis is under Safeco v. Burr, the 2007 Supreme Court case, the question of whether there is willfulness is answered by looking at whether the violation at issue is a result of a reckless decision, not only that the defendant knew of the statute and failed to comply. In our papers, we cited the Krupar v. Weinman case out of the Southern District of New York. And in that case, if you look at that case, if you look at this case, and you look at the specific allegations, there are quite a number of parallels. Just as in that case, the plaintiff there alleged, number one, that car companies, merchant servicers, or processors rather, required merchants to comply, that FACTA's requirements were well known, that card issuers required compliance by contract, and then there are conclusory allegations of willfulness. That Court held that was not enough. Under Safeco, you have to plead, and I'm quoting from Safeco, sufficient facts to support a plausible inference that the defendant knew that its conduct was violating the statute, and not simply that the defendant knew about the existence of the statutory provision at issue. If you look at what the plaintiff has alleged as a violation, it's that there were two receipts that had the digits, that had the first six and the last four digits, but those two receipts did properly truncate the expiration date and remove the expiration date. Then you have another receipt, one receipt that allegedly included the expiration date, but properly removed all of those digits. So what the complaint alleges is that Fred's complied in part as to all of the receipts at issue, and so that doesn't plausibly suggest that the defendant acted knowingly or recklessly to violate FACTA, that there's no reason or factual basis to support a claim of willfulness or recklessness here. Instead, we have facts that maybe show that, you know, that the expiration date was removed from some, the digits were removed from others. So there's not a plausible basis from the facts to conclude that Fred's knowingly, willfully was not complying. The other thing that's significant about the allegations in this complaint is if you look at this complaint and if you look at the others in these lawsuits that have been brought across the country, you really can just remove the name of the defendant and insert a different defendant. It's the same cookie-cutter complaints that we are seeing from jurisdiction to jurisdiction with, you know, And, you know, I do think that it's significant that. Let me ask you this. Yes, Your Honor. So do you agree with your opposing counsel that we ought to wait to see what happens with the Maransky petition free hearing? Yes, I mean, I think that that, well, I'll say I think that that is an option that this court has. My point is that. Is that the better option? Is that the better? I think that within this court's discretion to either. We say you can dismiss. Let's put it this way. If we don't, we're bound by it in the meantime. Well, I will say that, and I think as counsel has conceded, Maransky only addresses the number of digits, credit card digits that can appear in a card. Maransky is not an expiration date card. Yeah, but it would say that at least as to that, that the plaintiff has standing. That the plaintiff has satisfied the injury in fact prong of Article 3 standing. Which is contrary to what the district court ruled. That is contrary to what the district court ruled in this case. Right. And so we would have to reverse and remand if we didn't address, if we chose not to address the willfulness question because of that, wouldn't we? I think that would be appropriate, Your Honor. Yeah, so we really ought to figure out whether Maransky is going to stand or not. And if in the event it is reheard en banc, then we would wait for the en banc opinion to issue, in which case then we could ask for supplemental briefs about the effect of that. Isn't that right? I think that's right, Your Honor. And I think that, again, we do think that this court could proceed with addressing the willfulness prong and affirming on the alternative basis that the complaint in this case does not satisfy Rule 12b-6 and does not meet the plausibility standards. Let's say we're not inclined to do that in the first instance. Okay. Then what we really need to just do is wait for Maransky, right? I think that that is certainly an option that this court can proceed. And if the court asks for supplemental briefing after Maransky, we'd be more than happy to address any additional questions. One other question. Is there a case in the Supreme Court of the United States that we need to be watching, too? I'm not aware that the court is. That raises a Spokio question, standing question. You're not aware of that? I'm not aware of a case on point in the FACTA context that directly is pertinent to this issue. It's not in the FACTA context, though. It's in a different context, right? I'm not aware of what that case is. If there is one pending, we have not looked at that. You might want to look. I do want to make one other additional point, which is that with FACTA, you know, it's in the congressional record that Congress did recognize the potential for abusive lawsuits here. Congress was expressly concerned with abusive litigation, and that that is part of why, you know, we submit that these cases should be looked at seriously. In addition to the fact that Article III applies no matter what Congress said, but given the balance of Congress's express determination that there is a potential for abuse here, coupled with the Constitution's requirement that in every case the test of Article III has to be satisfied, we would ask the Honorable Court to affirm the district court's opinion. Okay. Thank you, Ms. Roberts. Mr. Udalian, you have five minutes for rebuttal. Mr. Dittling, are you familiar with Tarr v. Burger King? I am, yes. And you're aware that they filed a motion to stay? Yes, and it was granted by this court. That was a situation where both parties, if I recall correctly, requested to stay, and this court entered the stay pending the disposition of the Moransky case. And so my question is, is there a reason why you haven't done that? Actually, I'm glad you asked that question. We sent over the Tarr opinion, or at least referenced the Tarr opinion, to defense counsel, and we suggested to defense counsel that we should stay briefing on this case because Moransky has been fully briefed and we expect an opinion. We were inclined to have the same situation in Tarr court, but we didn't get their consent, and therefore we had to proceed with briefing this case. Okay. With respect to the comment about abusive litigation practices, that is not before this court. I would also point out that Congress had an opportunity to revisit this particular statute in 2008 through the Clarification Act, and they did. And as the Ninth Circuit pointed out, they had a prime opportunity, is what they called it, to make changes to the statute to the extent they believed that any of these provisions, including the remedial provisions, were unfit. And they kept intact both the liability provisions and the remedial provisions going forward from 2008. The only change that was made was they cited to merchant confusion as to whether the expiration date portion of it was required to be truncated on receipts. And so with respect to violations of that portion of the statute that occurred before June 2008, they said we're going to give you a retroactive immunity for expiration date cases pre-June 2008. But going forward, everything stays the same. And so in our mind, the remedial provisions, whether it's the negligence provision or the willful violation provision, those were all kept intact and to the extent merchants violate the law, if a court finds that they're liable for those violations, then they are subject to those remedies. So the arguments concerning, you know, it sounded to me like the defense is asking this court to make factual determinations as to whether they were willful, they were not willful. And again, all of that should be visited in the first instance by the district court. I do want to point out, however, that this idea that one of the things that defense counsel said is that this complaint is cookie cutter or generalized. And first of all, it's not true. But even if you have an instance where a complaint mimics allegations found in other FACTA complaints, it's not uncommon for that to happen because a lot of the same notices, a lot of the same practices are engaged in by the card companies. So, for example, the FTC has given notice of this. Credit card intermediaries like bank processors have formed notices that they have sent to nationwide merchants. And so a lot of these allegations will repeat. I had a case that I was involved in, which is entitled Deshaf, D-E-S-C-H-A-A-F, versus American Ballet and Limousine, Inc. It was out of the District of Arizona, 234 F. Supp. 3rd, 964. At pages 970, 971, in response to this exact argument, that court said, quote, that these allegations are repeated nearly verbatim in another complaint filed by Deshaf is irrelevant to this analysis. It is perfectly plausible that facts alleging behavior by national corporations and federal agencies would be repeated in similar actions. With respect to the Rule 9b issues that I laid out, that case also addresses it. It's a state of mind. Pleading willfulness is not a particularly difficult thing to do. The court can look at other cases like the Chaucer versus Lab Court, 2016 Westlaw 348-83-205, Perion versus In-N-Out Burgers, 2007 Westlaw 104-08-64, where courts have addressed these very types of arguments, and they have shot them down in the context of Rule 12b-6 motions. They cited to certain other cases. One of them was the Rosenthal case, and in that particular case, there's a follow-up opinion where the court later finds on an amended pleading that willfulness allegations are satisfied. They did the same thing with the SEO case, which is a case out of the Central District of California by Judge Pregerson. He issued a follow-up opinion after that case and another case holding 12b-6, denying a 12b-6 motion. Your time has expired. We have your case. I think we understand it, and we appreciate your argument. Thanks a lot, Your Honor. Thank you.